**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**KENNETH DOUGLAS DAHL**

Plaintiff,

Civ. No. 3:14-CV-00904-CL

v.

**REPORT
& RECOMMENDATION**

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,**

Defendant.

MARK D. CLARKE, Magistrate Judge.

Plaintiff Kenneth Douglas Dahl ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is not based on proper legal standards, the decision should be **remanded**.

**BACKGROUND**

Plaintiff was born on September 14, 1950. Tr. 322. Plaintiff suffers from multiple impairments in addition to drug and alcohol addiction, including bipolar disorder, major depressive disorder, and severe antisocial personality disorder. Tr. 26, 29. Doctors also

diagnosed Plaintiff with a degenerative disease of the lumbar spine in 1994. Tr. 512. Plaintiff holds a high school degree and a certificate from a one-year culinary arts program, and has previous work experience as a cook and a painter. Tr. 56-57.

On August 31, 2010, Plaintiff applied for SSI benefits due to bipolar disorder, major depression, degenerative disc disease, chronic back pain, and suicidal ideation. Tr. 65-66. The Commissioner denied Plaintiff's application initially and upon reconsideration. At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on November 9, 2012. Tr. 41. On November 29, 2012, the ALJ issued a decision finding Plaintiff not disabled. Tr. 18. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's denial the Commissioner's final decision. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which...has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.   Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). 'If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's
        regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless
        expected to result in death, an impairment is "severe" if it significantly
        limits the claimant's physical or mental ability to do basic work activities.
        20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted
        or must be expected to last for a continuous period of at least 12 months.
        20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe
        impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);
        416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis
        proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the
        impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
        then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii);
        416.920(a)(4)(iii). If the impairment does not meet or equal one or more
        of the listed impairments, the analysis proceeds beyond step three. At that
        point, the ALJ must evaluate medical and other relevant evidence to assess
        and determine the claimant's "residual functional capacity" ("RFC"). This
        is an assessment of work-related activities that the claimant may still
        perform on a regular and continuing basis, despite any limitations imposed
        by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c);
        416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC,
        the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC
        assessment?    If so, then the claimant is not disabled. 20 C.F.R.
        §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform
        his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience,
        is the claimant able to make an adjustment to other work that exists in
        significant numbers in the national economy? If so, then the claimant is
        not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v);
        404.1560(c); 416.960(c). If the claimant cannot perform such work, he or
        she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953. The
Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the
Commissioner must show that the claimant can perform other work that exists in significant

Page 3 – Report & Recommendation

numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 31, 2010, the date Plaintiff filed his application. Tr. 23, 148. At step two, the ALJ found Plaintiff suffered from severe impairments: degenerative changes of the lumbar spine, mood disorder, antisocial personality disorder, heroin dependence, and alcohol and other drug dependence. Tr. 23. At step three, the ALJ found, considered singly and in combination, Plaintiff's impairments did not meet or medically equal any listed impairments. Tr. 23-24.

Next, the ALJ assessed Plaintiff's residual functional capacity ("RFC"). Tr. 24-32. He determined that Plaintiff could perform medium work except around hazards and heights with the following limitations: no more than simple, repetitive tasks and no more than incidental contact with the public and coworkers. Tr. 24-25. At step four, the ALJ found Plaintiff is unable to perform his past relevant work as a cook or painter, but can transition into other jobs that exist in significant numbers in the national economy, including garment marker, stock checker, and packager. Tr. 32-34. Therefore, he concluded Plaintiff was not disabled, as defined by the Social Security Act. Tr. 33.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Comm'r Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

/ / /

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) improperly rejecting the opinion of examining psychologist Steven P. Barry, Ph.D.; (2) improperly discrediting the opinion of treating physician, Valerie Krause, M.D.; and (3) failing to find Plaintiff's obesity constituted a severe impairment that limits his RFC.

### I.    The ALJ Improperly Discounted an Examining Psychologist's Opinion.

Plaintiff argues that the ALJ improperly discredited an examining psychologist's testimony. On September 8, 2010, Steven P. Barry, Ph.D., evaluated Plaintiff. Tr. 310. Dr. Barry diagnosed Plaintiff with Bipolar II Disorder and an antisocial personality disorder, and calculated that his Global Assessment of Functioning score is between 47 and 50, indicating severe psychological symptoms. Tr. 321. Dr. Barry recognized Plaintiff's credibility issues, observing that Plaintiff "presents history and details in a manner which suits the moment." Id. Dr. Barry determined that Plaintiff's personality disorder is the "underlying drive" for his alcohol and drug problems. Id. Ultimately, Dr. Barry concluded that Plaintiff is disabled and not expected to improve. Id.

The ALJ assigned little weight to Dr. Barry's testimony because of "overwhelming evidence of problems in the claimant's veracity." Tr. 29. The ALJ expressed concern that Dr. Barry reached his conclusion in spite of Plaintiff's inconsistent testimony about his drug and alcohol use, legal history, and hospitalizations as well as Plaintiff's "significant criminal history." Tr. 29. An ALJ may discredit an examining physician's opinion if it is largely based on uncritically accepted, incredible, and subjective claimant reports rather than objective medical findings. *Cotton v. Astrue*, 374 Fed. Appx. 769, 771 (9th Cir. 2010). Here, rather than premising his findings on Plaintiff's self-reports, Dr. Barry relied on independent clinical work to conclude

Plaintiff is disabled. This case is similar to *Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294 (9th Cir. 1999). There, the Ninth Circuit found the ALJ erred by faulting an examining psychologist for taking the claimant's statements at "face value." *Id.* at 1300. In light of the psychologist's clinical interview, mental status examination, and psychological testing, the court found the record supported the examining psychologist's opinion. *Id.* Here, Dr. Barry conducted a clinical interview, reviewed Plaintiff's files, and administered a Personality Assessment Inventory and Test of Memory Malingering. Tr. 310. Further, like in *Regennitter*, Barry's opinion is consistent with the record. A consultative examiner concluded that Dr. Barry's opinion deserves "great weight" and did not dispute Dr. Barry's opinion that Plaintiff's psychological disorders drive his drug and alcohol dependency. Tr. 69, 79, 80, 205. It does not appear that Dr. Barry uncritically accepted Plaintiff's self-representations or based his opinion largely on subjective complaints. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (An ALJ properly discredited a treating physician's opinion that was based on "little independent analysis or diagnosis."). Accordingly, the ALJ erred in assigning little weight to Dr. Barry's opinion on that basis. The ALJ's error is not harmless because, if appropriately credited, Dr. Barry's opinion could impact the ALJ's ultimate disability determination. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

## II. The ALJ Improperly Discounted a Treating Physician's Opinion.

Plaintiff argues the ALJ improperly discredited a treating physician's testimony. Valerie Krause, M.D., began treating Plaintiff in July 2011 and reviewed all his medical records since December 2008. Tr. 737. Based on her observations, she found that Plaintiff could not bend, reach overhead, twist, crouch, stoop, push, or pull. Tr. 736. In addition to warning Plaintiff that he could not carry more than ten pounds, Dr. Krause concluded Plaintiff must alternate between

sitting and standing every fifteen to twenty minutes and rest between four and six hours in an eight hour workday. Tr. 734-735. Dr. Krause suggested that Plaintiff would be unable to maintain a low stress job because muscular back pain, degenerative disc disease, and severe psychological disorders disrupt Plaintiff's attention and concentration for more than two-thirds of the day. Tr. 736-737. Dr. Krause expects Plaintiff's conditions to worsen with age. Tr. 737.

The ALJ assigned no weight to Dr. Krause's testimony for four reasons. First, the ALJ concluded her assessment is "entirely inconsistent" with clinical evidence that shows the Plaintiff only has mild degenerative disc disease. Tr. 27. Second, the ALJ held that Dr. Krause's opinion "does not square with" evidence of Plaintiff's history of drug abuse. Id. Third, the ALJ found that inconsistent statements about Plaintiff's work history contradict Dr. Krause's conclusion. Id. Fourth, the ALJ asserted Dr. Krause's conclusion that Plaintiff should limit his upper body movement is unsupported. Id.

Customarily, a treating physician's opinion is given controlling weight because she has a greater opportunity than most to know, observe, and cure the claimant. *Ramirez v Shalala*, 8 F.3d 1449, 1453 (9th Cir. 1993). Generally, an ALJ must supply clear and convincing reasons for discrediting a treating physician's opinion. *Orn*, 495 F.3d at 632. Even if a treating physician's testimony is contradicted, the ALJ may not reject it "without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may also reject a physician's opinion that is brief, conclusory, or unsupported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, Plaintiff and Defendant dispute whether Dr. Krause's opinion is contradicted and, therefore, whether the ALJ needs clear and convincing or specific and legitimate reasons for discrediting Dr. Krause's findings. Because reviewing courts must defer to the ALJ wherever

evidence is susceptible to two rational interpretations, this Court assumes *arguendo* that the ALJ must provide specific and legitimate reasons to discount Dr. Krause's opinion. *Andrews*, 53 F.3d at 1040.

### a. The ALJ erred in finding that a treating physician's opinion is inconsistent with mild degenerative disc disease.

The ALJ erred by holding that Dr. Krause's testimony that Plaintiff suffers from a severe impairment is "entirely inconsistent with" objective medical evidence that Plaintiff only has "mild degenerative disc disease." Tr. 27. An ALJ may discredit a treating physician's opinion that is inconsistent with the record as a whole. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here, the record contains multiple contradictory diagnoses regarding the severity of Plaintiff's degenerative disc disease. As the ALJ noted, imaging findings from 2011 show mild degenerative disc disease. Tr. 552. However, a medical report from 1994 indicates Plaintiff suffers from "moderate degenerate disc disease." Tr. 512. Moreover, radiology results from 2011 state Plaintiff has "advanced degenerative disk disease." Tr. 473. The Court cannot confidently conclude that the ALJ considered the record as a whole when he discredited Dr. Krause's opinion for being inconsistent with one imaging finding when other medical reports contradict that finding. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (quoting *Scott v. Astrue*, 647 F.3d 734, 739-40 n.23 (7th Cir. 2011)) ("The ALJ was not permitted to 'cherry-pick' from those mixed results to support a denial of benefits").

Even if the ALJ is correct that Plaintiff suffers from only mild degenerative disc disease, it is unclear why the ALJ concludes this diagnosis cannot severely limit Plaintiff. Courts have found that mild degenerative disc disease can have disabling effects. *Page v. Comm'r Soc. Sec. Admin.*, 304 Fed. Appx. 520, 521 (9th Cir. 2008) (The ALJ erred in rejecting a physician's opinion as inconsistent with "mild clinical and examination findings" because the record

established the claimant's degenerative disc disease caused persistent pain); *Brown v. Astrue*, No. CIV. 11-953-AC, 2012 WL 3922696, at *8 (D. Or. Aug. 20, 2012), *report and recommendation adopted*, No. 3:11-CV-00953-AC, 2012 WL 3909290 (D. Or. Sept. 7, 2012) (The claimant's mild degenerative disc disease was consistent with disabling pain). In *Kershner v. Massanari*, 16 Fed. Appx. 606, 608 (9th Cir. 2001), the Ninth Circuit found that an ALJ committed reversible error when he asked whether minor degenerative disc disease could produce "the symptoms of extreme pain that the claimant alleges" rather than simply asking whether it could produce the type of pain alleged. The Court is concerned the ALJ erroneously concluded that mild degenerative disc disease can cause only mild functional limitations.

### b.  The ALJ did not commit harmless error.

An ALJ's error in reaching his conclusion is immaterial if he provided other legally sufficient reasons supporting that conclusion. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Whether an error is harmless turns on the Court's confidence that the ALJ's decision to entitle no weight to Dr. Krause's opinion remains valid. *Id.* at 1163. It does not matter whether "the ALJ would necessarily reach the same result on remand." *Id.*.

The ALJ provided four reasons to discredit Dr. Krause's testimony. The Court recommends rejecting one reason. Plaintiff does not challenge the ALJ's remaining three reasons. These reasons include Plaintiff's inconsistent statements about his drug use, Plaintiff's inconsistent statements about his work history, and Dr. Krause's unsupported conclusion that Plaintiff is unable to reach. Tr. 27. Because Plaintiff does not distinctly and specifically address the ALJ's other reasons in his opening brief, the Court will not decide whether they are specific and legitimate. *Carmickle*, 533 F.3d. at 1161, n.2. Instead, the Court will review them to determine whether they could justify discrediting Dr. Krause's testimony in its entirety.

On balance, the Court is not confident that the ALJ's unchallenged reasons support his decision. Plaintiff's dubious credibility does not undermine Dr. Krause's findings to the extent they are based on chart reviews and physical examinations. *Petty v. Colvin*, 20 F. Supp. 3d 770, 775 (D. Or. 2014) (The ALJ improperly discredited an examining physician for relying on incredible claimant self-reports when the doctor conducted a chart review that supported claimant's disability); *see Lester*, 81 F.3d at 832 (The ALJ erred in dismissing the testimony of an examining psychologist because he did not arrive at "an independent conclusion" and instead relied on another examining psychologist). It is not clear to what degree Dr. Krause relied on subjective evidence. As such, the Court is unable to conclude Dr. Krause relied on Plaintiff's self-reports "to a large extent" to make all of her findings. *Andrews*, 53 F.3d, at 1043. Moreover, the ALJ's conclusion that one of Dr. Krause's findings is unsupported is insufficient to discredit her testimony in its entirety. *See Boardman v. Astrue*, 286 F. App'x 397, 399 (9th Cir. 2008) (An isolated doctor's finding that is unsupported by evidence "makes little difference" when deciding to accept or reject his testimony as a whole). Accordingly, the Court is not confident that the ALJ's treatment of Dr. Krause's opinion is valid despite his error. The Court cannot call the error harmless. This is especially true given the relevance of Dr. Krause's opinion to Plaintiff's RFC. The ALJ's erroneous treatment of the medical evidence could have impacted his ultimate disability determination. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

### III. There is No Evidence the ALJ Failed to Account for the Effects of Obesity.

Plaintiff argues that the ALJ erred by failing to address whether obesity limits his RFC. Under the Social Security Rules, an ALJ must "do an individualized assessment of the impact of obesity on an individual's functioning" based on the information in the record. *Titles II & XVI:*

*Evaluation of Obesity*, SSR 02-1P, at *6 (S.S.A. Sept. 12, 2002); *Burch*, 400 F.3d at 682 (Social Security Rules caution ALJs from making assumptions about how claimants' obesity aggravate functional limitations). Obesity can affect an individual's physical and mental ability to sustain work activity by making it more difficult to sit, stand, walk, lift, carry, push, and pull. SSR 02-1P, at *6. If the claimant's obesity diagnosis is ambiguous or unclear, the ALJ is responsible for clarifying the record. *Id.* at *4. However, the burden of proof remains on the Plaintiff to satisfy steps one through four of the sequential evaluation of disability and provide information regarding his abilities. *Bray*, 554 F.3d at 1222.

One circuit decision suggests an ALJ's failure to conduct an individualized obesity assessment constitutes reversible error at steps three and four of the sequential evaluation process. *Celaya v. Halter*, 332 F.3d 1177, 1184 (9th Cir. 2003). The plaintiff in *Celaya* implicitly reported that her weight affected her RFC and the ALJ had a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered" because of the plaintiff's *pro se* status. *Id.* at 1182-1183. The present case is distinguishable from *Celaya* in two respects. First, Plaintiff offered evidence that his height and weight often qualify him as obese, but he failed to provide the ALJ with evidence of how his obesity interacts with his functional limitations. Tr. 51, 60, 702, 717, 725, 727. It would be unreasonable for the ALJ to conclude that Plaintiff's obesity aggravates his functional limitations absent substantial evidence in the record. *See Orn*, 495 F.3d at 630 (An ALJ makes a reversible error if he makes a finding unsupported by substantial evidence). Second, Plaintiff is represented by an attorney. Because the ALJ cannot be faulted for failing to consider evidence Plaintiff and Plaintiff's counsel never presented, Plaintiff's request for reversal on that basis should be denied.

/ / /

**IV. It is Appropriate to Remand for Further Administrative Proceedings.**

Upon finding prejudicial errors, courts generally follow the ordinary remand rule to hold further agency proceedings to develop the record and determine whether the claimant is disabled. *Treichler*, 775 F.3d at 1099. Courts may also provide for the immediate award of benefits in the "rare case" when:

> (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The present case does not satisfy all three conditions to immediately award benefits. While this Court recommends that the ALJ improperly discredited physicians' testimony, outstanding issues remain for the ALJ to resolve. From the record, it is unclear whether Plaintiff is disabled. Therefore, it is appropriate to remand for further administrative proceedings.

## RECOMMENDATION

For the foregoing reasons, the Commissioner's final decision should be **REMANDED**. In further proceedings, the ALJ should:

1.  Re-assess Dr. Barry's and Dr. Krause's testimony and either accept them as true, applying their contents forward into Plaintiff's RFC, or properly reject them.

2.  Make a determination concerning Plaintiff's disability application after conducting the analysis outlined above.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified

time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153

(9th Cir. 1991).

DATED this ____6____ day of August 2015.

_____

MARK D. CLARKE
United States Magistrate Judge