IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KENNETH DOUGLAS DAHL, | Civ. No. 3:14-cv-00904-CL |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

CLARKE, Magistrate Judge.

Plaintiff Kenneth Douglas Dahl ("Plaintiff") moves the Court for an award of $5,596.32 in attorney's fees under the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant Social Security Administration Commissioner ("Defendant") has not filed opposition. Having independently reviewed Plaintiff's fee request, the Court GRANTS his motion.

## BACKGROUND

On June 5, 2014, Plaintiff filed a Complaint (#1) to obtain judicial review of Defendant's final decision denying his application for Social Security disability benefits. On September 30,

2015, this Court remanded (#29) Plaintiff's case for further proceedings. On November 10, 2015, Plaintiff filed his unopposed motion for EAJA fees (#32).

## LEGAL STANDARD

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the Court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (applying *Hensley* to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See Hensley*, 461 U.S. at 433; *Atkins*, 154 F.3d at 988.

## DISCUSSION

It is undisputed that Plaintiff is a prevailing party. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). The Commission has not demonstrated that its position in denying Plaintiff's application was "substantially justified" or that special circumstances render the requested award unjust. Having reviewed the unopposed motion, the Court finds Plaintiff's petition is proper and the amount requested is reasonable. Accordingly, Plaintiff's application (#32) for $5,596.32 in EAJA fees is GRANTED.

Plaintiff assigned any EAJA fees to his attorney. Pl.'s Mot, Ex. B. Therefore, the amount of this award shall be paid to Plaintiff's attorney upon verification that Plaintiff has no debt, which qualifies for offset against the award, pursuant to the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). If Plaintiff has no such debt, then a check shall be made out to Plaintiff's attorney, and mailed to Plaintiff's attorney. If Plaintiff has a debt, then a check for the remaining funds, after any offset of the debt, shall be made to Plaintiff and mailed to Plaintiff's attorney. Plaintiff's attorney's mailing address is as follows:

>1336 E. Burnside St., Suite 130
>Portland, Oregon 97132

It is so ORDERED and DATED this 2 day of December 2015.

MARK D. CLARKE
United States Magistrate Judge